**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25518-CIV-ALTONAGA/Reid**

**ROBERT RAMKISSOON,** *et al.*,

Plaintiffs,

v.

**LENNAR CORPORATION**, *et al.*,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiffs' Renewed Joint Motion for Appointment of Interim Co-Lead Class Counsel and Interim Liaison Counsel . . . [ECF No. 18], filed on September 1, 2026. Local Rule 7.1(a)(2) of the U.S. District Court for the Southern District of Florida provides:

> Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party *shall certify* [in accordance herewith.]

*Id*. (alterations and emphasis added). The Rule further states that "[f]ailure to comply . . . may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction[.]" *Id.* (alterations added).

Plaintiffs advise that no Defendant has yet appeared in this action, and so the parties cannot confer. (*See* Mot. 24). Plaintiffs thus concede the Motion is deficient under Local Rule 7.1(a)(2).[1]

[1] The requested relief is not ministerial in nature. Plaintiffs move for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). (*See generally* Mot.). Rule 23(g)(3) provides that a court

Accordingly, it is

**ORDERED** that Plaintiffs' Renewed Joint Motion for Appointment of Interim Co-Lead Class Counsel and Interim Liaison Counsel . . . **[ECF No. 18]** is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of September, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

"*may* designate interim counsel to act on behalf of a putative class[.]" Fed. R. Civ. P. 23(g)(3) (emphasis and alteration added). The Advisory Committee Notes moreover explain that "[o]rdinarily, such work is handled by the lawyer who filed the action[,]" but that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (alterations added). The Court therefore finds it prudent to consider Plaintiffs' request only after Defendants have had an opportunity to state their position.